**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:20-cv-00495-CRS-CHL**

**MARIA ROCHA,**                                                                                   **Plaintiff,**

**v.**

**COMMISSIONER OF SOCIAL SECURITY,**[1]                               **Defendant.**

**REPORT AND RECOMMENDATION**

Before the Court is the Complaint filed by Plaintiff, Maria Rocha ("Rocha"). Rocha seeks judicial review of the final decision of the Commissioner of Social Security ("the Commissioner"). (DN 1.) This case was referred to the undersigned Magistrate Judge to prepare a report and recommendation. (DN 14.) Rocha and the Commissioner each filed a Fact and Law Summary. (DNs 15, 21.) Therefore, this matter is ripe for review.

For the reasons set forth below, the undersigned recommends that the final decision of the Commissioner be **AFFIRMED**.

**I.      BACKGROUND**

On February 7, 2017, Rocha protectively filed an application for disability insurance benefits ("DIB") alleging disability beginning on January 20, 2017. (R. at 1300, 1313, 1385-91, 1402-03.) On January 9, 2019, Administrative Law Judge ("ALJ") Steven Collins ("the ALJ") conducted a hearing on Rocha's application. (*Id.* at 1262-89.) There was a technical difficulty during the hearing that resulted in the vocational examiner being disconnected:

      Q.             Would there be jobs that remain?

      A.             Usually some frequent use.

---

[1] As Kilolo Kijakazi is now the Acting Commissioner of Social Security in place of Andrew Saul, she is automatically substituted as the Defendant in this matter pursuant to Fed. R. Civ. P. 25(d).

> ALJ: That's not good. Let's stay on the record and call him back.
>
> (The vocational expert was reconnected to the hearing.)
>
> ALJ: We got disconnected.
>
> BY ADMINISTRATIVE LAW JUDGE:
>
> Q: The last thing we heard was frequent use of the dominant hand.
>
> A: Yes, there would be some frequent use of the dominant hand.

(*Id.* at 1286-87.) Additionally, at the beginning of the hearing, the ALJ had noted that he was still waiting on records from one of Rocha's physicians, Dr. Gupta, and Rocha's attorney agreed that leaving the record open for fourteen days would be sufficient to get those records in. (*Id.* at 1265-66.) At the conclusion of the hearing, the ALJ and Rocha's attorney had the following exchange:

> ALJ: I'll be reviewing [Rocha's] testimony along with [the vocational examiner]'s as well as considering all the evidence of record. This is going to include some records from Dr. Gupta. It sounds like there are some more out there. I don't know if we need to look into that. It looks like she didn't go to Gupta until later in the year 2018. There may have been some other treatment, at least attempts. It sounds like they weren't able to do anything for her. The Gupta records may be the most beneficial. You may want to look int[o] some of those other records. I'll give you 14 days. If you need more time, just let me know.
>
> ATTY: Thank you, Your Honor.

(*Id.* at 1287-88.) Subsequent to the hearing, on January 11, 2019, Rocha's attorney sent a letter to the ALJ that stated, "Please be advised that all additional evidence has been submitted." (*Id.* at 1488.)

In a decision dated June 3, 2019, the ALJ engaged in the five-step sequential evaluation process promulgated by the Commissioner to determine whether an individual is disabled. (*Id.* at 8-24.) In doing so, the ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2022. (*Id.* at 13.)

2. The claimant has not engaged in substantial gainful activity since January 20, 2017, the alleged onset date. (*Id.*)

3. The claimant has the following severe impairments: bilateral carpal tunnel syndrome, cubital tunnel syndrome, degenerative disk disease of the cervical spine and obesity. (*Id.* at 14.)

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (*Id.*)

5. [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that she can only frequently crouch and stoop, only occasionally climb ladders, ropes or scaffolds, only frequently handle and finger bilaterally, and must avoid concentrated exposure to vibration and hazards such as dangerous machinery and unprotected heights. (*Id.* at 14-15.)

6. The claimant is capable of performing past relevant work as a Returns Clerk (DOT code 209.587-042). This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity. (*Id.* at 18.)

7. The claimant has not been under a disability, as defined in the Social Security Act, from January 20, 2017, through the date of this decision. (*Id.* at 20.)

Within his analysis at Finding No. 6, the ALJ also made alternative step five findings. He concluded that considering Rocha's age, education, work experience, and residual functional capacity, there were jobs in significant numbers in the national economy that Rocha was capable of performing based on the vocational examiner's testimony. (*Id.* at 19.)

Rocha subsequently retained a new attorney, who requested an appeal to the Appeals Council. (*Id.* at 30-35, 1382-84, 1489-90.) In support of the request, Rocha, via her new attorney, submitted over 1220 pages of medical records not provided to or considered by the ALJ for the Appeals Council's consideration:

3

(a)   Norton Healthcare, June 28, 2017 – April 24, 2018 (*id.* at 547-708);
(b)   Norton Healthcare, April 24, 2018 – March 13, 2019 (*id.* at 440-546);
(c)   Norton Brownsboro Hospital, January 11, 2019 (*id.* at 949-1042);
(d)   Medical Specialists of Kentuckiana, January 31, 2019 – March 22, 2019 (*id.* at 1244-61);
(e)   Norton Healthcare, March 5, 2019 – March 13, 2019 (*id.* at 1168-1212);
(f)   Kusam Nigam, M.D., April 15, 2019 – May 31, 2019 (*id.* at 1231-43);
(g)   Norton Healthcare, June 4, 2019 – November 4, 2019 (*id.* at 348-439);
(h)   Fairdale Family Medical, June 6, 2019 – July 13, 2019 (*id.* at 1213-26);
(i)   Medical Specialists of Kentuckiana, June 14, 2019 (*id.* at 132-42);
(j)   Norton Audobon Hospital Radiology, June 16, 2019 (*id.* at 1227-1230);
(k)   Baptist Health Louisville, June 23, 2019 – June 28, 2019 (*id.* at 1096-1167);
(l)   Norton Healthcare, July 8, 2019 (*id.* at 1076-1095);
(m)   Norton Healthcare, July 16, 2019 – November 11, 2019 (*id.* at 270-347);
(n)   Maryhurst Renewal, July 30, 2019 – January 22, 2020 (*id.* at 143-219);
(o)   Bluegrass Cardiology, August 1, 2019 – August 25, 2019 (*id.* at 1069-75);
(p)   Norton Brownsboro Hospital, August 9, 2019 (*id.* at 45-131);
(q)   Louisville Surgical Associates, August 21, 2019 – September 4, 2019 (*id.* at 1043-68);
(r)   Norton Healthcare, October 17, 2019 – November 26, 2019 (*id.* at 709-53);
(s)   Norton Brownsboro Hospital, November 8, 2019 – November 27, 2019 (*id.* at 754-948);
(t)   Norton Healthcare Emergency Department, January 14, 2020 (*id.* at 220-69); and
(u)   St. Mary & Elizabeth Hospital Emergency Department, April 8, 2020 (*id.* at 36-44).

On June 4, 2020, the Appeals Council denied Rocha's request for review, finding no reason under its rules to review the ALJ's decision. (*Id.* at 1-7). In doing so, the Appeals Council specifically addressed the additional records submitted by Rocha. As to the records listed in Paragraphs (a)-(f) above, the Appeals Council found that the "evidence d[id] not show a reasonable probability that it would change the outcome of the decision." (*Id.* at 2.) As to the records listed in Paragraphs (g)-(u) above, the Appeals Council found that because the ALJ decided the case on June 3, 2019, the records did "not relate to the period at issue" and did "not affect the decision about whether [Rocha] was disabled beginning on or before June 3, 2019." (*Id.*) At that point, the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. § 422.210(a) (2020); *see also* 42 U.S.C. § 405(h) (discussing finality of the Commissioner's decision). Pursuant to 20

C.F.R. § 422.210(c), Rocha is presumed to have received that decision five days later. 20 C.F.R. § 422.210(c). Rocha timely filed this action on July 14, 2020. (DN 1.).

## II.    DISCUSSION

The Social Security Act authorizes payments of DIB to persons with disabilities. *See* 42 U.S.C. §§ 404-434. An individual shall be considered "disabled" if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 423(d)(1)(A); *see also* 20 C.F.R. § 404.1505(a) (2020).

### A.    Standard of Review

The Court may review the final decision of the Commissioner but that review is limited to whether the Commissioner's findings are supported by "substantial evidence" and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). "Substantial evidence" means "more than a mere scintilla"; it means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court must "affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013); *see Smith v. Sec'y of Health & Hum. Servs.*, 893 F.2d 106, 108 (6th Cir. 1989) (holding that if the Court determines the ALJ's decision is supported by substantial evidence, the court "may not even inquire whether the record could support a decision the other way"). However, "failure to follow agency rules and regulations" constitutes lack of substantial evidence, even where the

5

Commissioner's findings can otherwise be justified by evidence in the record. *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011).

### B.   Five-Step Sequential Evaluation Process

The Commissioner has promulgated regulations that set forth a five-step sequential evaluation process that an ALJ must follow in evaluating a disability claim. 20 C.F.R. § 404.1520 (2020). In summary, the evaluation process proceeds as follows:

(1) Is the claimant involved in substantial gainful activity? If the answer is "yes," the claimant is not disabled. If the answer is "no," proceed to the next step.

(2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement[2] and significantly limits his or her physical or mental ability to do basic work activities? If the answer is "no," the claimant is not disabled. If the answer is "yes," proceed to the next step.

(3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within 20 C.F.R. Part 404, Subpart P, Appendix 1? If the answer is "yes," the claimant is disabled. If the answer is "no," proceed to the next step.

(4) Does the claimant have the residual functional capacity ("RFC") to return to his or her past relevant work? If the answer is "yes," then the claimant is not disabled. If the answer is "no," proceed to the next step.

(5) Does the claimant's RFC, age, education, and work experience allow him or her to make an adjustment to other work? If the answer is "yes," the claimant is not disabled. If the answer is "no," the claimant is disabled.

20 C.F.R. § 404.1520(a)(4).

The claimant bears the burden of proof with respect to steps one through four. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). However, the burden shifts to the Commissioner at step five to prove that other work is available that the claimant is capable of

---

[2] To be considered, an impairment must be expected to result in death or have lasted/be expected to last for a continuous period of at least twelve months. 20 C.F.R. § 404.1509 (2020).

performing. *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008). The claimant always retains the burden of proving lack of RFC. *Id.*; *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 392 (6th Cir. 1999).

### C. Rocha's Contentions

Rocha raised two arguments in her Fact and Law Summary. She argued that the new evidence submitted to the Appeals Council justifies a different result than that reached by the ALJ and that there are at least two discrepancies in the record that prevent the Court from relying on the record as a whole. (DN 15-1, at PageID # 1656-58.) The undersigned will consider each of these arguments separately below.

#### 1. Additional Evidence

Rocha argued that the "regulations" were not followed because the Appeals Council's statement that the new records she submitted did not show a reasonable probability of changing the outcome "has no basis in reality" because the records included "a carpal tunnel release surgery performed two days after the hearing was held, and prior to the ALJ's decision on the case." (*Id.* at 1656.) She argued that "[i]t defies logic that a surgery directly related to the RFC given by the ALJ would not have a reasonable probability of changing the outcome." (*Id.* at 1656-57.) She emphasized, "There is no basis for the Appeals Council to state that there was no reasonable probability of a different decision by the ALJ with the records directly related to the RFC of the Plaintiff." (*Id.* at 1657.)

To the extent that Rocha points to alleged errors by the Appeals Council, the undersigned finds that this Court lacks jurisdiction to review the decision of the Appeals Council and is limited to reviewing the final decision of the Commissioner, which, here, is the ALJ's decision. The Social Security Act provides, "Any individual, after any final decision of the Commissioner of Social

7

Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . ." 42 U.S.C. § 405(g). "But the [Social Security] Act does not define 'final decision,' instead leaving it to the [Social Security Administration] to give meaning to that term through regulations." *Sims v. Apfel*, 530 U.S. 103, 106 (2000) (citing 42 U.S.C. § 405(a) and *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975)). The applicable regulations provide that where the Appeals Council denies review, the ALJ's decision becomes the final decision of the Commissioner. 20 C.F.R. § 422.210(a); 20 C.F.R. §§ 404.900(a)(4)-(5), 404.955, 404.981 (2020); *see also Sims*, 530 U.S. at 106 ("SSA regulations provide that, if the Appeals Council grants review of a claim, then the decision that the Council issues is the Commissioner's final decision. But if, as here, the Council denies the request for review, the ALJ's opinion becomes the final decision."). Indeed, 20 C.F.R. § 422.210(a) expressly provides that "[a] claimant may obtain judicial review of a decision by an administrative law judge if the Appeals Council has denied the claimant's request for review, or of a decision by the Appeals Council *when that is the final decision of the Commissioner.*" 20 C.F.R. § 422.210(a) (emphasis added). As noted above, the scope of the Court's review under the applicable statutory authority is expressly limited to whether the final decision of the Commissioner is supported by substantial evidence and whether the correct legal standards were applied in that decision. 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."); *Key*, 109 F.3d at 273; *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993) (citing 42 U.S.C. § 405(g)) ("We review the final decision of the [Commissioner] to determine whether it is supported by substantial evidence."). Thus, the Appeals Council's denial

8

of review of the ALJ's decision is a non-final decision of the agency that is not subject to judicial review. *See Meeks v. Sec'y of Health & Hum. Servs.*, 996 F.2d 1215, 1993 WL 216530, at *1 (6th Cir. June 18, 1993) (citing 20 C.F.R. § 404.955) (unpublished) ("An Appeals Council order denying review is not, however, a reviewable order; such an order serves only to make the decision of the ALJ the final reviewable decision of the [Commissioner]."); *Matthews v. Apfel,* 239 F.3d 589, 594 (3d Cir. 2001) ("No statutory authority (the source of the district court's review) authorizes the court to review the Appeals Council decision to deny review."); *Taylor v. Comm'r of Soc. Sec.*, 659 F.3d 1228, 1231 (9th Cir. 2011) ("When the Appeals Council denies a request for review, it is a non-final agency action not subject to judicial review because the ALJ's decision becomes the final decision of the Commissioner.").

Though Rocha's brief never mentions sentence six or explicitly requests a sentence-six remand, the Commissioner construed her arguments regarding the errors by the Appeals Council and the new evidence she submitted to be a request for a sentence-six remand given her brief reference to the additional records submitted being "new and material to the decision in the case." (DN 21, at PageID # 1684; DN 15-1, at PageID # 1657.) The Commissioner then proceeded to analyze why the medical evidence Rocha submitted to the Appeals Council that both predates and postdates the ALJ's decision does not entitle her to a sentence-six remand. (*Id.* at 1684-92.) A remand under 42 U.S.C. § 405(g) "sentence six" for consideration of additional evidence is warranted only if (1) the evidence is "new" and "material" and (2) "good cause" is shown for the failure to present the evidence to the ALJ. *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010) (citing *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001)). "The party seeking a remand bears the burden of showing that these two requirements are met." *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2006) (citing Foster, 279 F.3d at 357). As to

9

the first requirement, evidence is only "new" for purposes of 42 U.S.C. § 405(g) if it was not in existence or available to the claimant at the time of the administrative proceeding. *Foster*, 279 F.3d at 357. Such evidence is deemed "material" if "there is a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." *Id.* However, evidence is not considered material if it merely depicts an aggravation or deterioration in an existing condition. *Sizemore v. Sec'y of Health & Hum. Servs.*, 865 F.2d 709, 712 (6th Cir. 1988). As to the second requirement, a claimant shows "good cause" by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ. *Id.* Rocha's brief does not include any showing of good cause and only a conclusory attempt at a showing regarding newness and/or materiality.

Though the undersigned understands why the Commissioner construed Rocha's brief in this manner, the undersigned nonetheless finds that such a construction is neither warranted nor useful. It is Rocha's burden to demonstrate that she is entitled to remand, and she neither attempted to demonstrate good cause nor to delineate between new and material evidence. She also cited no authority in support of her arguments. As such, anything the undersigned would construe as an argument regarding a sentence-six remand is perfunctory at best and should be deemed waived. *See United States v. Layne*, 192 F.3d 556, 566-67 (6th Cir. 1999) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (finding that issues adverted to in a "perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived"); *Rice v. Comm'r of Soc. Sec.*, 169 F. App'x 452, 454 (6th Cir. 2006). The undersigned also has significant doubts that Rocha could demonstrate good cause given that the ALJ's comments at the conclusion of the hearing alerted her to the fact that additional records might exist and her attorney proceeded to advise the ALJ by letter that all records were submitted after Dr. Gupta's records were admitted.

10

Likewise, many of Rocha's characterizations of the additional records do not seem to address why the records are not merely indicative of an aggravation or deterioration of an existing condition, which is fatal to any potential showing of materiality. *Sizemore*, 865 F.2d at 712.

As Rocha makes no specific argument regarding a deficiency in the ALJ's decision itself, the undersigned finds no need to examine the same.

### 2. Inconsistencies in the Record

Rocha also argued that there were at least two discrepancies in the record and as such, the record is "faulty," "this Court cannot rely on the information contained therein," and "the earlier findings in the faulty record must be overturned." (DN 15-1, at PageID # 1657-58.)

The first alleged inconsistency she highlighted is that when the vocational examiner was disconnected during the hearing, the transcript contains no notation about having to reconnect the vocational examiner. (*Id.*) However, the transcript does note in parentheses that the vocational examiner was reconnected to the hearing. (R. at 1286.) Additionally, the ALJ stated on the record that the examiner had been disconnected, asked the reporter to remain on the record while he was reconnected, and then proceeded to confirm the answer that the vocational examiner had been attempting to give when he was disconnected. It is unclear how this exchange renders the transcript or the record unreliable as a whole. The vocational examiner was in the middle of responding to the ALJ's hypothetical question, and Rocha made no specific argument regarding why the break in that portion of testimony caused confusion or otherwise undermined the ALJ's analysis. Rocha also cited no authority to support that this type of technological difficulty invalidates the entire transcript or the entire administrative record. Thus, the undersigned finds her argument regarding this alleged inconsistency to be without merit.

Her second "inconsistency" is that the index that accompanied that administrative record listed the ALJ's decision as having been issued on May 29, 2019, when in fact the decision was issued on June 3, 2019. (DN 15-1, at PageID # 1658.) While there does appear to be an error in the index, again, Rocha wholly failed to make a substantive argument about why this error renders the record unreliable. The correct date of the ALJ's decision appears on the decision itself, and Rocha points to no evidence in the record to indicate that the date on the actual decision is in question. The date of the ALJ's decision does not appear to be a disputed fact on which some argument or claim relies. Thus, this discrepancy is at most a typographical error, and as with the transcript issue discussed above, Rocha cited no authority to support that this minor error requires or even justifies calling into question the entire 1591-page administrative record.

Therefore, the undersigned finds that Rocha's arguments regarding alleged inconsistencies in the record do not justify reversal of the ALJ's decision.

### III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that the final decision of the Commissioner be **AFFIRMED**.

Colin H Lindsay, Magistrate Judge
United States District Court

cc: Counsel of Record

February 1, 2022

**Notice**

Pursuant to 28 U.S.C. § 636(b)(1)(B)-(C), the undersigned Magistrate Judge hereby files with the Court the instant findings and recommendations. A copy shall forthwith be electronically transmitted or mailed to all Parties. 28 U.S.C. § 636(b)(1)(C). Within fourteen (14) days after being served, a party may serve and file specific written objections to these findings and recommendations. Fed. R. Civ. P. 72(b)(2). Failure to file and serve objections to these findings and recommendations constitutes a waiver of a party's right to appeal. *Id.; United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981); *see also Thomas v. Arn,* 474 U.S. 140 (1985).